OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and a new trial granted.
On June 18, 1974 defendant insurer issued a disability policy to plaintiff, then a practicing chiropractor. The undisputed evidence indicated that plaintiff, whose income was largely derived from Medicaid payments, discontinued his practice in July 1977, when chiropractic services were no longer covered by New York’s Medicaid reimbursement program and he pleaded guilty to Medicaid fraud charges. Plaintiff served five months in prison, and upon release practiced as a chiropractor sporadically until March 1979, when his license was briefly suspended in connection with the fraud charges. Thereafter, he occasionally practiced on friends at home, but earned no income from services as a chiropractor. Plaintiff’s income was derived from employment in his father-in-law’s real estate business.
On May 31, 1980, plaintiff was injured in a boiler explosion in the course of his real estate duties. Defendant paid him disability benefits for three months, until he returned to that work. However, plaintiff claimed that his occupation at that time was as a chiropractor, and that as a result of the explosion his hands were permanently injured and he thus suffered total disability from his occupation. In an action to recover those benefits, a jury found that plaintiff had suffered *918 total disability as a chiropractor, and the Appellate Division affirmed, without opinion.
Central to this appeal is the question whether, at the time of injury, plaintiff’s occupation was as a chiropractor or real estate manager (or agent). Before this court the parties agree that the critical inquiry is as to the insured’s occupation at the time of injury. We therefore need not and do not reach the issue litigated by them below — to wit, whether the governing standard under the policy should be occupation at the time of contract or at the time of injury.
At trial, plaintiff contended that, though temporarily working in the real estate business, his occupation continued to be chiropractic as shown by the fact that he maintained his professional license, equipment and malpractice insurance; sought work as a chiropractor; continued his telephone listings as a chiropractor; and occasionally treated friends in his home. Defendant, by contrast, urged that plaintiff had abandoned the chiropractic practice and that his occupation at the relevant moment was real estate, relying on the facts that plaintiff derived no income as a chiropractor after February 1979; he continued in the real estate business after his professional license had been restored; and at one place in his tax returns for several years he showed his occupation as "managing agent” or "real estate manager.”
Thus, the issue of plaintiff’s occupation at the time of injury was sharply disputed. In charging the jury the trial court, over defendant’s objection, announced that "the court has determined, as a matter of law, that at the time of the accident, the plaintiff, Dr. Bravato, was a chiropractor.” This was error. It is elementary that where, as here, conflicting inferences may reasonably be drawn from evidence, a question of fact is presented for resolution by the jury. On this record, the issue of plaintiff’s occupation at the time of injury should have been submitted for the jury’s determination, not resolved by the court as a matter of law.
Defendant’s remaining contentions lack merit.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
Order reversed, etc.